UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOEL M. ELLIS | : | CIVIL ACTION NO. 3:03CV0669 (CFD) |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| MARTIN P. GOLD | : | |
| And BUTLER, NORRIS & GOLD | : | |
| Defendants | : | January 30, 2004 |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR PROTECTIVE ORDER

Defendants, Martin P. Gold and Butler, Norris and Gold ("the Firm"), by and through their counsel, Pepe & Hazard, LLP, hereby request a protective order for certain interrogatories and document requests that are not relevant to the claims asserted in the complaint.

Although the reach of discovery under the federal rules is broad, it is not limitless. *Spina v. Our Lady of Mercy Medical Center,* 86 Fair Empl. Prac. Cas. (BNA) 246 (S.D.N.Y. 2001)("[C]ourts should not allow parties to 'roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so.")(citation omitted). The information sought must be relevant to the claim and either admissible or "reasonably calculated to lead to the discovery of admissible evidence." Fed R. Civ. P. 26(b)(1).

In this case, plaintiff, who claims that he was wrongfully terminated from his position as an associate in a law Firm, seeks information about the Firm's partners' income, the clerical staff's compensation, the amount of rent, and personal matters involving Mr. Gold and his wife's grandmother. Plaintiff seeks to justify this intrusive prying into the financial workings of the Firm by claiming that since he was terminated after the Firm concluded that he was no longer worth what he was being paid, he can challenge that decision by proving that the Firm was profitable or that the Firm was not being run by his understanding of what is or is not sound business practice.

This lawsuit and plaintiff's efforts at obtaining this information also come with a history. Plaintiff is currently employed by, or associated with, a law firm, Rome & Katz, that is headed by Alan Rome, a former partner of the Firm. Mr. Rome is also the brother-in-law of two current partners of the Firm, including Mr. Gold, the managing partner. Mr. Rome's current partner, Steven Katz, is a former associate of the Firm, whose employment was terminated by the Firm. The termination of Mr. Katz over the objection of Mr. Rome, as well as other objections of Mr. Rome as to control and operation of the Firm by Mr. Gold as managing partner lead to Mr. Rome's withdrawal from the Firm. The withdrawal of Mr. Rome and establishment of Rome & Katz triggered a fierce and violent conflict between Alan Rome and the Firm. Intense negotiations took place, which mediated the conflict, but did not and

2

has not restored the amity between the existing partners of the Firm and Mr. Rome. Throughout the conflict, Mr. Rome was represented by Attorney Eliot Gersten, plaintiff's attorney in this matter.

> **Document Request (12)** *The file for the grandmother ("MA") showing the "gift" to Martin P. Gold including all probate documents, state returns, state estate tax returns, federal estate tax returns and any penalties and error adjustments.*

This action is an employment discrimination matter in which plaintiff claims that he was terminated because of his age. This request, refers to personal matters between Mr. Gold and Ms. Kate Hopfer, who was Mr. Gold's wife's grandmother. The information requested has no bearing on Mr. Ellis' claims.

Furthermore, there is no allegation in the complaint that could be reasonably construed to include the need for this request. There is no temporal connection between Attorney Gold, Mrs. Hopfer, and any of the allegations in the complaint.

Where a plaintiff is unable to produce any specific facts linking the discovery sought and the claims or allegations that form the basis of the complaint, a district court may properly refuse to permit discovery. *Contemporary Mission, Inc. v. United States Postal Service*, 648 F.2d 97, 107 (2d Cir. 1981).

> **Document Request (10)** *The periodic rent paid by Butler, Norris & Gold to the owner of the 254 Prospect Avenue, Hartford, Connecticut property.*

Plaintiff alleges that he was terminated because of his age. He was not responsible for the rent, and the rent had to be paid whether plaintiff was or was not

3

employed by the Firm. The rent was not a factor in the decision to terminate the plaintiff, and there is no allegation to the contrary. It is difficult to conceive of a situation where information about the rent paid by the Firm will lead to admissible evidence.

> **Document Request (4)** *Produce any and all records reflecting the following information: (1) [No objection – not applicable to this motion]. (2) All financial records, income statements, salaries, periodic draws and bonuses for all partners and associates from and including 2001 to the present . (3) All fringe benefits available to all partners, associates and non-legal employees from and including 2001 to the present. (4 )Salaries of all non-attorney employees from and including 2001 to the present.*
>
> **Interrogatory Request (4)** *Identify any records that you maintain regarding any of the following information: (a) Names and addresses of all employees and/or independent agents or any others receiving compensation derived from the business of the defendant ... (d) Identify any income generated by each person.*

Although a plaintiff may be able to establish discrimination by identifying another employee not in the protected class who received more favorable treatment, plaintiff may do so only if the other employee is "similarly situated." *McGuinness v. Lincoln Hall*, 263 F.3d 49 (2d Cir. 2001). The employee or employees to whom plaintiff seeks to compare himself or herself must be "similarly situated" in all "material respects." *Shumway v. United Parcel Service, Inc.*, 118 F.3d 60, 64 (2d Cir. 1997). For example, in *Galdieri-Ambrosini v. National Realty & Development Corp.*, 136 F.3d 276 (2d Cir. 1998), plaintiff, a secretary, sought to prove gender discrimination by comparing herself to two male employees whose jobs were

4

professional rather than clerical. The Second Circuit rejected that approach and ruled that given the different positions that the employees held, no rational inference of discrimination could be drawn from comparing their different work experiences. *Galdieri-Ambrosini,* 136 F.3d at 290-291.

Similarly, in this matter, there can be no inference of discrimination in a comparison with plaintiff and any of the partners or with plaintiff and any of the clerical staff. Therefore, the income, benefits or compensation of partners and non-attorney or non-legal staff cannot reasonably lead to the discovery of admissible evidence.

Plaintiff's claim is not saved by a general reference to the reasons for his termination. The Firm decided that plaintiff's services were no longer needed as there was no longer work for him and, thus, he had minimal value to the Firm. The relevant data is the data in connection with plaintiff's employment, not that of other employees or partners.

In *Curry v. Morgan Stanley & Co.,* 193 F.R.D. 168 (S.D.N.Y. 2000), the plaintiff, who was terminated for falsifying his expense reports, claimed that there was a culture at his former employer that encouraged all employees to falsify their expense reports. He sought to review the expense reports of senior officers of the company and the trial court denied that request. It noted that plaintiff was not "similarly situated" as the individuals about whom he sought information. Since he

5

was not "similarly situated" to them, that information could not be relevant. *Curry*, 193 F.R.D. at 174.

The same result should occur here. Plaintiff should only be granted requests that seek information about "similarly situated" employees, not requests that seek information about partners or non-lawyers.

> **Document Request (11)** *Butler, Norris & Gold income tax returns for 2001 and 2002 and, when available, for 2003.*
>
> **Interrogatory Request 4(e)** *Identify any and all financial records, income tax statements, cash flow balances, profit and loss statements, and/or any other documentation relating to the financial condition of the law firm between the date plaintiff was hired and June 2003.*

As an initial matter, the Interrogatory Request seeks "any and all financial records ... relating to the financial condition of the law firm." One construction of that request could include every bill received and paid by the Firm for any item over a period of eight years. This could include bills for computers, bar association related expenses, computer repairs, lunches, electricity, mileage reimbursement, court fees, deposition costs, photocopiers, temp employees and insurance, as well as copies of every check received or written by the Firm and copies of every bank statement from 1995 through June 2003. Surely, such a request is overbroad.

The Firm concluded that plaintiff provided little of economic value to the Firm and terminated him. Plaintiff now seeks to use that conclusion as an invitation to a

6

broad inquiry into the affairs of the Firm and seeks the Firm's financial information. It is unwarranted.

In *Swarensky-Bilow v. Much Shelist Freed Denenberg Ament & Rubenstein, P.C.*, 277 F.3d 882 (7th Cir. 2001), the plaintiff, an attorney, brought an action against her employer for, *inter alia,* sex discrimination. Among her complaints, plaintiff claimed that her former employer did not support her trial efforts to the same degree that it supported the efforts of her male counterparts. Specifically, it denied her additional staff for a trial after she had concluded that she needed the additional staff. In her lawsuit plaintiff sought information about the Firm's earnings and expenses, which, she claimed would show that the Firm's cost justifications were pretext for sex discrimination. The trial court rejected her discovery request and the Seventh Circuit affirmed. It held that she was entitled to information about the case she handled and any other cases that were most analogous to her situation. Both courts concluded that evidence of firm-wide billing and costs were irrelevant to the Firm's decision in staffing a particular case.

Similarly in this case, although plaintiff may be entitled to information about situations that are most analogous to his situation, that is the work and compensation of other associates, he is not entitled to Firm income statements.

WHEREFORE, Defendants respectfully ask that their Motion for a Protective Order be granted in all respects and other such relief as the court may deem just and proper.

        Respectfully submitted,

        Defendants,

        **MARTIN P. GOLD AND BUTLER, NORRIS & GOLD**

        By _____
        Bernard E. Jacques, Esq.
        Federal Bar No.: ct12293
        Pepe & Hazard LLP
        225 Asylum Street
        Goodwin Square
        Hartford, CT 06103-4302
        Telephone No.: (860) 241-2662
        Facsimile No.: (860) 522-2796
        Bjacques@pepehazard.com

## CERTIFICATION

I hereby certify that a copy of the foregoing was served via first class mail, postage prepaid, this 30th day of January, 2004 to:

**Counsel for Plaintiff:**

Eliot B. Gersten, Esq.
Gersten & Clifford
214 Main Street
Hartford, CT  06106

Jonathan L. Gould, Esq.
214 Main Street
Hartford, CT  06106

_____
Bernard E. Jacques

BEJ/32036/4/646739v1
01/30/04-HRT/