UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOEL M. ELLIS | : | CIVIL ACTION NO. 3:03CV0669 (CFD) |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| MARTIN P. GOLD | : | |
| And BUTLER, NORRIS & GOLD | : | |
| Defendants | : | March 2, 2004 |

## MEMORANDUM IN FURTHER SUPPORT OF
## DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

As the Motion for a Protective Order, its supporting Memorandum of Law and the Memorandum of Law in Opposition to Motion for Protective Order and In Support of Plaintiff's Motion to Compel ("Opposition") make clear the parties are divided over three categories or classes of documents or discovery requests: (1) "the file for grandmother ("MA") showing the gift to Martin P. Gold . . .;" (2) information about the Firm's financial affairs; and (3) information about other employees who were not similarly situated as plaintiff.

The Firm decided to terminate plaintiff because it concluded that given the type and amount of work that plaintiff was performing, he simply was not worth the salary he was being paid. Plaintiff's opposition to the protective order is premised on his contention that since he was terminated because he added little economic value to the Firm, he should be able to review all of the Firm's business records and prove that the Firm could have operated its business differently than it did. However, the issue before the court is not whether the Firm could have operated its business affairs differently, but whether age discrimination was a factor in the decision to terminate plaintiff. *Fennell v. First Step Designs, Ltd.*, 83 F.3d 526 (1st Cir.

1996)(Plaintiff may not use a discrimination claim to challenge an employer's business judgment).

Rule 26 of the Federal Rules of Civil Procedure, which governs this dispute, states in pertinent part: "parties may obtain discovery regarding any matter . . . that is relevant to a claim or defense . . . " Fed R. Civ. Pro. 26(b)(1). While there is no mathematical formula determining relevance in a discovery context, courts in this Circuit have frequently denied discovery requests for materials that do not bear on the matter in dispute. *Blum v. Schlegal*, 150 F.R.D. 38, 39 (W.D.N.Y. 1993). Thus, even though the standard for discovery is liberal, it has long been the rule in this Circuit that "the parties should not be permitted to roam in the shadow zones of relevancy and to explore matter, which does not presently appear germane." *Broadqay & Ninety-Sixth realty Co. v. Loew's Inc.,* 21 F.R.D. 347, 352 (S.D.N.Y. 1958). In this matter, plaintiff seeks to push the bonds of relevancy beyond any recognizable shape.

**Kathe Hopfer**

Both parties agree that the request for information concerning the "Ma file" refers to Kathe Hopfer, who was the grandmother of Martin Gold's wife. She died on December 16, 1996. According to plaintiff, "based upon [his] discussions with a descendant of Kathe Hopfer," who is not identified, Attorney Gold "prevailed upon Kathe Hopfer to make the payment [for his legal services] in the form of a gift, either to Attorney Gold or to his wife." Affidavit of Joel Ellis, attached to the Opposition. If plaintiff is correct and Attorney Gold or his wife received a gift from Ms. Hopfer, that gift had to have been received before her death or before December 1996.

Plaintiff was terminated in 2002. He does not explain how a gift that he believes was given to either Attorney Gold or Attorney Gold's wife six years prior to his termination is connected to his allegation of age discrimination. He offers no explanation because there is none. Plaintiff initially sought to justify his discovery request in connection with an event that occurred six years before the alleged discrimination by claiming that it was intended to provide information about the financial affairs of the Firm. He does not explain how the financial affairs of the Firm six years before his termination are relevant to his claim because there is no adequate explanation.

Now, he argues that he is entitled to this information because Attorney Gold diverted revenue that should have gone to the Firm. Again, plaintiff offers no explanation of how the financial affairs of the Firm in 1996, or six years before the decision was made to terminate his employment, has any relationship to his claim of age discrimination. Implicitly acknowledging that this request is irrelevant and cannot reasonably lead to admissible evidence, plaintiff argues that defendant has a "pattern and practice of engaging in other deceitful and dishonest business behavior." Opposition p. 5. Plaintiff does not identify this "other deceitful and dishonest business behavior," but argues receipt of a gift by Attorney Gold or his wife (plaintiff is not sure which one got the gift) is comparable to employment discrimination. That is absurd on its face.

## The Firm's Financial Affairs

"[P]laintiff claims that any suggestion that the costs of carrying him on the payroll outweighed his worth to the employer is simply a pretext and falsehood designed to cover up the discriminatory action." Opposition, p. 5. As plaintiff concedes, the decision to terminate

BEJ/32036/4/666708v1
03/02/04-HRT/

him was based on the Firm's assessment of his value, not the general economic conditions of the Firm. But he argues that he should be granted latitude to show that defendants "used this close family connection to divert income which would not otherwise be available to them in a less controlled entity in order to demonstrate that the purported business reasons for terminating the plaintiff were a pretext for the age related and discriminatory motives." Opposition, p. 6. In short, plaintiff seeks the discovery of the rent paid by the Firm, the income tax statements of the Firm, the compensation of non-lawyers in the Firm, and the compensation of the partners because he is prepared to show that he, if given the opportunity, he would have "diverted" money from these purposes to pay his own salary.

According to plaintiff's theory of the case, the Firm could have negotiated a lower rent because the building is owned by Attorney Gold's wife, could have reduced the salaries of non-lawyers because some of the staff are members of Attorney Gold's family and could have reduced some of the partners' income so that he could have been maintained on the Firm's payroll. Simply stated, he is attempting to demonstrate that the Firm could have changed its business practices to accommodate his salary.

As plaintiff's Opposition makes clear, he seeks to put the Firm's business practices on trial, not the decision to terminate him. He wants the focus on business decisions and business strategies, not age discrimination. In his words, he wants to show that a "diversion of resources otherwise available to the [Firm] who claimed relative poverty" could have been used to pay plaintiff's salary. Opposition, p. 5. But the trial (and discovery) should be focused on age discrimination, not whether the Firm occupies a building owned by Attorney Gold's wife, or whether a family member of Attorney Gold is working at the Firm. *Gehring v. Case*

4

*Corporation*, 43 F.3d 340, 342 (7th Cir. 1994)(Trial court correctly denied discovery where plaintiff sought to put employer's personnel practices on trial, rather than focus on plaintiff's individual claim of discrimination.); *Norton v. Sam's Club*, 145 F.3d 114 (2d Cir. 1998)(liability exists for discrimination not for stupid or even wicked acts). Neither this court, nor a jury, can rightfully decide if the Firm should have "diverted" resources to pay plaintiff. *Scaria v. Rubin*, 117 F.3d 652 (2d Cir. 1997)(Courts and juries do not "sit as a super-personnel department that reexamines an entity's business decisions."). Since plaintiff's discovery request is not relevant to the issue of whether he was a victim of discrimination, but rather whether the Firm should have adopted a different business approach, it is irrelevant.

**Information About Other Employees**

In addition to information about the financial affairs of the Firm, plaintiff also seeks information about "partners and non-legal employees or others." Opposition p. 6. The Firm has already provided plaintiff with the names and compensation of all attorneys who were similarly situated to plaintiff. It has provided plaintiff with information about associates employed by the Firm. But, as plaintiff admits, "[t]here is no claim of discrimination in the payments of salary and monetary benefits as between plaintiff and other employees." Opposition p. 6. Although there is no claim of discrimination in connection with "the payments of salary and monetary benefits," plaintiff still insists that he is entitled to information about the "salary and monetary benefits" of other employees, who are not similarly situated. *Galdieri-Ambrosini v. National Realty & Development Corp.*, 136 F.3d 276 (2d Cir. 1998)("similarly situated" means in all material respects).

5

He is not entitled to discovery of individuals' "salary and monetary benefits" who are not similarly situated to him based on "a vague possibility that loose and sweeping discovery might turn up something suggesting that the structuring of the [financial affairs of the Firm] was discriminatorily motivated." *Earley v. Champion International Co.,* 907 F.2d 1077, 1085 11th Cir. 1990). When plaintiff seeks discovery "beyond the natural focus of the inquiry," he must show a "particularized need." *Earley,* 907 F.2d at 1085. Here there is no particularized need, rather a sweeping claim of "deceitful and dishonest business behavior." Opposition, p. 5.

The "natural focus" of this inquiry is the attorneys in the Firm, who were not partners, the associates. This information has already been provided; plaintiff is entitled to nothing more.

        Respectfully submitted,

        Defendants,
        **MARTIN P. GOLD AND BUTLER, NORRIS & GOLD**

By _/s/ Bernard E. Jacques_
        Bernard E. Jacques, Esq. ct12293
        Pepe & Hazard LLP
        Goodwin Square
        Hartford, CT 06103-4302
        Telephone No.: (860) 241-2662
        Facsimile No.: (860) 522-2796
        Bjacques@pepehazard.com

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was served via first class mail, postage prepaid, this 2nd day of March, 2004 to:

**Counsel for Plaintiff:**

Eliot B. Gersten, Esq.
Gersten & Clifford
214 Main Street
Hartford, CT  06106

Jonathan L. Gould, Esq.
214 Main Street
Hartford, CT  06106

_____
Bernard E. Jacques